HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL SZMANIA,<br><br>       Plaintiff,<br><br>  v.<br><br>FIRST HORIZON HOM LOAN CORPORATION,<br><br>       Defendant. | No. 13-CV-5090-RBL<br><br>ORDER<br><br>(Dkt. #11, 15) |

  Plaintiff has filed a spectacularly frivolous suit and is hereby warned that further filing of similar suits will result in sanctions.

## FACTS

  In 2007, Plaintiff took out a $225,000 home-equity line of credit, secured by his home. (Compl., Ex. A, Dkt. #3 at 12 (presenting Deed of Trust)). He currently owes $221,581.68. (Compl., Ex. B, Dkt. #3 at 28.)

  On January 4, 2012, Plaintiff tendered a $5.00 check in full "Accord and Satisfaction," of his outstanding debt. (Compl. ¶¶ 8–9.) First Horizon, apparently not recognizing Plaintiff's attempt to terminate his debt, applied the $5.00 against the debt. (*Id.*) Here, Plaintiff argues that the debt has been satisfied, that he is entitled to damages, and he seeks a permanent injunction preventing First Horizon from foreclosing on his property. (*Id.* ¶¶ 11–13.)

  Plaintiff has also filed a *lis pendens* on the property.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

## ANALYSIS

Plaintiff's suit is in bad faith and is dismissed. Under Wash. Rev. Code § 62A.3-311(a), a party may discharge a debt if he "proves that (i) that person ***in good faith*** tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument . . . ." *Id.* (emphasis added). In this case, Plaintiff's tender of five dollars is, on its face, a bad faith effort to avoid his debt—it is not any sort of an effort at "full satisfaction." Moreover, Plaintiff has not identified any "bona fide dispute." He alleges merely that his debt fluctuated every month, as debts that accrue interest are prone to do. (*See* Pl.'s Mot. for Decl. J. at 4, Dkt. #15.) Plaintiff's claims fail as a matter of law.

# ORDER

Defendant's Motion to Dismiss (Dkt. #11) is **GRANTED**. The Clark County Recorder's Office is hereby directed to cancel the *lis pendens* filed under Recorder's No. 4931939.[1]  Plaintiff's Motion for Declaratory Judgment (Dkt. #15) is **DENIED**. The case is **DISMISSED WITH PREJUDICE**.

Dated this 5TH day of March 2013.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] The Notice of Lis Pendens does not appear to be included in the record; however, the Court will rely on counsel's representation of the correct recording number. (*See* Def.'s Motion to Dismiss at 8:6, Dkt. #11; Yates Decl., Ex. A, Dkt. #12.)